**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITO CERVANTES, an individual, | No. 16-35315 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-03172-SMJ |
| v. | |
| FOREMOST INSURANCE COMPANY, a foreign insurer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 9, 2018[**]
Seattle, Washington

Before: HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Plaintiff Benito Cervantes appeals the district court's order granting

summary judgment to Defendant Foremost Insurance Company. Reviewing de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

novo and taking all facts in the light most favorable to Plaintiff, Am. Tower Corp. v. City of San Diego, 763 F.3d 1035, 1043 (9th Cir. 2014), we affirm.

The insurance policy does not cover the damage to Plaintiff's mobile home. It covers only "direct, sudden and accidental loss of, or damage to" the mobile home. Under Washington law, the word "sudden," when not otherwise defined, means "unforeseen and unexpected." Anderson & Middleton Lumber Co. v. Lumbermen's Mut. Cas. Co., 333 P.2d 938, 941 (Wash. 1959). Undisputed evidence shows that the damage about which Plaintiff complains developed over a period of up to a year or longer and was readily detectable. The damage was thus not "sudden."

Plaintiff's argument that the damage was "sudden" because he failed to detect it misses the point. What matters is whether the damage itself was detectable, not whether the insured party actually detected it. See id. at 940 (noting that the damage in that case could be considered sudden "as long as its progress was undetect[a]ble").

**AFFIRMED.**